UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STANFORD BRITTS<br>*On Behalf of Himself and on Behalf of a Class of All Others Similarly Situated*<br><br>　　　　　　Plaintiff<br><br>　　*v.*<br><br>STEVENS VAN LINES, INC.<br><br>　　　　　　Defendant | Case No. 15-cv-01267<br><br><br>**CLASS ACTION COMPLAINT**<br>**WITH JURY DEMAND** |

# NATURE OF THE ACTION

1.　Stevens Van Lines is a large moving company that relocates people all across the country.  Stevens leases vehicles from their owners and contracts with the owners to serve as movers and operators.  The lease agreements between Stevens and the owner-operators are governed by federal law, the Truth-in-Leasing ("TIL") regulations.

2.　The TIL regulations require Stevens to set forth specific information about insurance coverage and "charge-backs" for insurance premiums, among other things.  Stevens' leases violate the TIL regulations by failing to include the required information.

3.　Stevens charges-back to owner-operators premiums for insurance coverage.  The lease agreements do not allow Stevens to make these charge-backs.  Stevens calculates the premiums as percentages of *something* (it is unclear what exactly; and it remains unclear because there is no agreement authorizing the charge-backs or setting forth the method of determining an individual owner-operator's premium).  The charge-backs for insurance premiums are hundreds or thousands of dollars every month for an individual owner-operator.

4.　Stevens does not actually procure insurance coverage for owner-operators despite charging-back for premiums.  Stevens has long concealed this fact from its owner-operators.

5. Stevens has wrongfully extracted millions of dollars from owner-operators by unlawfully assessing premiums for insurance, basing the charge-backs on undisclosed and inappropriate methods of calculation, and then failing to actually procure coverage for the owner-operators.

## THE PARTIES

6. Plaintiff Stanford Britts is an Ohio citizen who resides at 4425 Boneta Road, Medina, Ohio 44256.

7. Defendant Stevens Van Lines, Inc., is a Minnesota corporation with its principal executive offices at 527 Morley Drive, Saginaw, Michigan 48605. Stevens is registered with the Ohio Secretary of State and has designated Corporation Service Company, 50 West Broad Street, Suite 1800, Columbus, Ohio 43215, as its registered agent for service of process in Ohio.

8. Stevens is an "authorized carrier" as defined by 49 C.F.R. § 376.2(a), such that the TIL regulations govern its agreements with owner-operators like Mr. Britts and the proposes Class. *See* 49 C.F.R. § 376.1.

## JURISDICTIONAL ALLEGATIONS

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the First Cause of Action raises a federal question under 49 U.S.C. § 14704(a) and 49 C.F.R. § 376.12, and the other causes of action are so related to the claims in the First Cause of Action that they are part of the same case or controversy under 28 U.S.C. § 1367(a). Moreover, this Court has subject matter jurisdiction over each cause of action under 28 U.S.C. § 1332(d)(2) because this is a proposed class action in which the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and the members of the class of plaintiffs are citizens of different states from the home state(s) of the defendant.

10. This Court has personal jurisdiction over the defendant because it regularly transacts business in this state, enters into leasing arrangements with owners in this state, and otherwise has sufficient minimum contacts with this state to render the exercise of jurisdiction over it by this Court fair and appropriate.

11. This Court is a proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, including the entering of a lease agreement with the plaintiff.

12. This Court is the proper division for this action under Local Rule 3.8(a) because the events or omissions giving rise to the claim occurred in Medina County.

## FACTUAL ALLEGATIONS

**STEVENS' LEASES VIOLATE THE TIL REGULATIONS**

13. At all relevant times, Mr. Britts was the "owner" of a motor vehicle (a 2000 Volvo and any replacement vehicles) under 49 C.F.R. § 376.2(d) because he had the right to exclusive use of the equipment.

14. On April 20, 2005, Mr. Britts and Stevens entered an "Independent Contractor's Agreement" governing the 2000 Volvo and any replacement vehicles. *See* Exhibit A. That agreement constitutes a "lease" under 49 C.F.R. § 376.2(e) because Mr. Britts granted the use of the equipment, with a driver, to Stevens. (The agreement is referred to in this complaint as the "Lease.")

15. Under 49 C.F.R. § 376.12(j), a *lease* must meet the following requirements:

(a) If the authorized carrier will make a charge-back to the lessor for any insurance for protection of the public, or for the operation of the leased equipment, the lease must specify the amount which will be charged-back to the lessor;

(b) If the lessor purchased any insurance coverage for the operation of the leased equipment from or through the authorized carrier, the lease must specify that the authorized carrier will provide the lessor with a copy of each policy upon the request of the lessor; and,

(c) If the lessor purchased insurance through the authorized carrier, the lease shall specify that the authorized carrier will provide the lessor with a certificate of insurance for each such policy that must include the name of the insurer, the policy number, the effective dates

of the policy, the amounts and types of coverage, the cost to the lessor for each type of coverage, and the deductible amount for each type of coverage for which the lessor may be liable.

16. The Lease between Mr. Britts and Stevens violates the TIL regulations' requirements in the following respects:

(a) Although Stevens was going to (and did) make charge-backs for insurance, the Lease does not specify the amounts which would be charged-back;

(b) Although Mr. Britts purchased insurance coverage through Stevens, the Lease does not specify that Stevens would provide him with a copy of each policy upon his request; and

(c) Although Mr. Britts purchased insurance coverage through Stevens, the Lease does not specify that Stevens would provide Mr. Britts with a certificate of insurance for each policy, which would include the required coverage information.

**STEVENS CHARGES-BACK FOR INSURANCE**

17. Stevens assessed "monthly charges" against Mr. Britts for insurance premiums to procure "PLPD" (*i.e.,* personal liability and property damage) and "Collision" coverage. *See, e.g.,* Exhibit B. (Exhibit B is one of the Driver Settlement Reports for Mr. Britts; he has such reports dating back to 2010, which each contain monthly line-item charges for PLPD and Collision.)

18. The PLPD and Collision insurance premium charge-backs are not authorized by the Lease. The amounts of the charge-backs (PLPD is 4.5% of *something*, perhaps the owner's share of the line-haul; Collision is 0.5% of, it appears, that same something) and the method of calculating them, are not disclosed by the Lease.

**STEVENS DOES NOT ACTUALLY PROCURE INSURANCE COVERAGE**

19. Stevens never provided Mr. Britts with any insurance coverage, company, or policy information, or a declarations page—despite his repeated requests for such information.

20. On November 22, 2013, Mr. Britts was involved in a serious collision while operating under his Lease. In addition to major damage to the Leased vehicle, Mr. Britts also lost several thousand dollars in other property.

21. When Stevens advised Mr. Britts that he would not be receiving compensation for his other property, he asked to see the insurance policy coverage provisions so that he could determine for himself whether or not he was due compensation for his other property.

22. Mr. Britts repeatedly requested insurance coverage information from Stevens, including a copy of the written policy. In response, Stevens repeatedly rebuffed and deflected him, instructing Mr. Britts to instead "submit any additional loss that you may want to present to the insurance company of the part[y] that caused the accident," rather than any insurance Stevens had (supposedly) procured for him.

23. Vanliner Insurance Company was listed on the appraisal for the damage to the Leased vehicle, so Mr. Britts eventually contacted Vanliner directly to request a copy of any policies under which he was an insured. On April 28, 2014, Vanliner advised Mr. Britts that the company had *not* issued a policy providing coverage to him.

24. On May 16 and September 8, 2014, Stevens at last admitted that there was no insurance policy providing Mr. Britts coverage; instead, Stevens claimed "[c]overage was provided by a contractual arrangement." There was no such contractual arrangement. In any event, Stevens made clear to Mr. Britts, "You did not have a policy," and it refused to produce its own policy.

25. Stevens itself made an offer of $27,000 for the tractor. No independent insurance company or third-party administrator was involved in providing coverage, adjusting a claim, or negotiating a resolution.

## CLASS ALLEGATIONS

26. Mr. Britts seeks to represent a class of all owners to whom Stevens made charge-backs for PLPD and/or Collision insurance coverage (the "Class") in the last 6 years.

27. The Class is so numerous that the joinder of all members is impracticable: Stevens is one of the largest authorized carriers for moving services in the country and has entered lease agreements with hundreds or thousands of owners.

28. There are questions of law or fact common to the Class: whether the Stevens leases violate the TIL regulations by failing to specify charge-backs for insurance; whether Stevens has improperly assessed charge-backs for PLPD and/or Collision insurance; and whether Stevens has properly obtained PLPD and/or Collision insurance coverage.

29. The representative plaintiff will fairly and adequately protect the interests of the class: Mr. Britts has retained experienced counsel for the Class and is committed to placing the interests of the Class before his own individual interests.

30. A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because Stevens has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole: a declaration that the leases violate the TIL regulations and/or an injunction to bring the leases into conformity with the TIL regulations will apply generally to the Class.

31. A class action is appropriate under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy: whether Stevens' leases violate the TIL regulations, and whether Stevens' insurance coverage arrangement (or lack thereof) is appropriate, are the central issues in this case, and their resolution in favor of (or against) any one Class member would necessarily result in the same resolution for all Class members; that is, to litigate for one is to litigate for all, and, given the costs of litigation, to allow one to litigate for all is the most efficient use of the Class's resources.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE TRUTH-IN-LEASING REGULATIONS**

32. This cause of action is brought under 49 U.S.C. § 14704(a) for a violation of the TIL regulations. This cause of action incorporates all other allegations in this complaint.

33. Stevens' leases with owner-operators violate the TIL regulations because they do not specify that charge-backs for insurance will be made; *a fortiori,* they do not set forth the amounts which would be charged-back.

34. Stevens' leases with owner-operators violate the TIL regulations because, although owner-operators purportedly purchased insurance coverage through Stevens, the leases do not specify that policy or coverage information will be made available upon request (and, in fact, such information was not made available upon request).

35. As a result of Stevens' violations, Mr. Britts and the Class are entitled to actual damages, as well as attorney's fees as a cost of the action, under 49 U.S.C. §14704(e).

**SECOND CAUSE OF ACTION**

**BREACH OF CONTRACT OR UNJUST ENRICHMENT**

36. This cause of action is brought under the common law. This cause of action is pled in the alternative under Fed. R. Civ. P. 8(d)(2). This cause of action incorporates all of the allegations of this complaint.

37. *To the extent Stevens and owner-operators entered contracts for Stevens to provide insurance coverage,* Stevens breached that contract by failing to obtain and provide insurance coverage, while charging-back for insurance coverage premiums.

38. *To the extent there was no such contract,* Stevens unlawfully collected benefits from the owner-operators by charging-back amounts allegedly used to procure insurance coverage, and retaining those funds despite failing to procure such coverage.

39. *In either case,* Mr. Britts and the Class are entitled to damages or restitution in amounts equal to those premiums improperly charged-back.

## THIRD CAUSE OF ACTION

### FRAUD OR NEGLIGENT MISREPRESENTATION

40. This cause of action is brought under the common law. This cause of action incorporates all of the allegations of this complaint. This cause of action is pled under two alternative legal standards regarding representations: that of fraud and that of negligent misrepresentation.

41. Stevens made representations to owner-operators that it was charging-back for PLPD and Collision insurance coverage premiums in exchange for Stevens securing such coverage for the owner-operators, when, in truth, Stevens did not procure such coverage. These representations were made in the line items of the Settlement Statements.

42. The line-item representations were material to the owner-operators' transacting business with Stevens and accepting the charge-backs listed.

43. The owner-operators justifiably relied on Stevens' line-item representations. Indeed, the owner-operators and Stevens are in a special relationship, and Stevens provides the owner-operators with insurance and financial guidance for us in the owner-operators' decision-making.

44. Stevens knew that its line-item representations were false, or it recklessly disregarded whether they were true or false, because it did not, in fact, use the funds collected from the charge-backs to procure insurance coverage for the owner-operators, and instead used the funds for its own general operations and profit.

45. Stevens was negligent in making its representations because it should have known that the funds collected from the charge-backs to procure insurance coverage were not so used. Moreover, Stevens' representations to owner-operators that they would be receiving PLPD and Collision coverage was false and inaccurate, and Stevens should have known better.

46. As a direct and proximate result of this fraud or negligence, Mr. Britts and the Class have sustained damages.

47. Given Stevens' fraud, the imposition of punitive damages is warranted.

**PRAYER FOR RELIEF**

Therefore, the plaintiff seeks judgment against the defendant as follows:

A. An order certifying this action as a class action under Federal Rule of Civil Procedure 23;

B. An order appointing the named plaintiff as the class representative;

C. An order appointing undersigned counsel as class counsel;

D. Damages in excess of $5,000,000 on each cause of action;

E. Punitive damages as allowed by law;

F. Attorney's fees under 49 U.S.C. § 14704(e) or any other applicable provision of statutory or common law;

G. Costs of suit;

H. Pre- and post-judgment interest;

I. Declaratory, equitable, and injunctive relief;

J. Such other relief as this Court finds just and proper.

**JURY DEMAND**

The plaintiff demands a trial by jury.

Respectfully submitted,

/s Drew Legando
Drew Legando (0084209)
Jack Landskroner (0059227)
Tom Merriman (0040906)
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com
    jack@lgmlegal.com
    tom@lgmlegal.com

*Counsel for Plaintiff*