IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANFORD BRITTS, | ) | CASE NO. 1:15 CV 1267 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | MEMORANDUM OPINION |
| STEVENS VAN LINES, INC., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Dismiss Counterclaim filed by Plaintiff, Stanford Britts. (Docket #32.)

On June 24, 2015, Mr. Britts filed a Class Action Complaint against Defendant, Stevens Van Lines, Inc. ("Stevens"). (Docket #1.) The claims asserted by Mr. Britts arise out of leasing and insurance arrangements between Stevens and independent owner-operator truck drivers. Specifically, Mr. Britts alleges "Stevens has wrongfully extracted millions of dollars from owner-operators by unlawfully assessing premiums for insurance, basing the charge-backs on undisclosed and inappropriate methods of calculation, and then failing to actually procure coverage for the owner-operators." (Docket #1 at Paragraph 5.) Mr. Britts sets for three causes of action: First Cause of Action – Violation of Truth-In-Leasing Regulations, 49 U.S.C. § 14704(a); Second Cause of Action – Breach of Contract or Unjust Enrichment; and, Third Cause of Action – Fraud or Negligent Misrepresentation.

On December 18, 2015, Stevens filed a Counterclaim against Mr. Britts alleging that Mr.

Britts, directly and through Counsel, improperly and purposefully interfered with current and prospective business relationships and damaged its business and reputation. Count I of Stevens' Counterclaim alleges Tortious Interference With Business Relationships and Count II alleges violations of the Ohio Deceptive Trade Practice Act, Ohio Rev. Code § 4165.03. As noted by Mr. Britts in his Motion to Dismiss, both causes of action arise out of alleged defamatory statements made by Mr. Britts and/or his Counsel.

### Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The Court has reviewed the allegations in Stevens' Counterclaim and the Briefs submitted by the Parties, in conjunction with applicable law. The Counterclaim provides factual allegations sufficient to withstand dismissal and a determination as to whether or not the alleged statements are privileged is premature prior to discovery.

### Conclusion

Based on the foregoing, the Motion to Dismiss (Docket #32) filed by Plaintiff, Stanford Britts, is hereby DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 25, 2016