IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANFORD BRITTS, *et al.*, | ) | CASE NO. 1: 15 CV 1267 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| STEVEN VAN LINES, INC., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Named Plaintiff's Motion For Class Certification Under Rule 23(B)(2), and Motion for Class Certification Under Rule 23(B)(3). (ECF #59, 78). Defendant opposes both motions. (ECF #65, 94). Plaintiff filed Reply briefs in support of both his motions, and Defendant filed a Sur-Reply in defense of its opposition to the request under Rule 23(B)(2). (ECf #72, 86, 97). For the reasons that follow, Plaintiff's Motions are DENIED.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

The Named Plaintiff, Steven Britts, brought this action on behalf of himself and other owner-operator truckers who entered into written independent contractor lease agreements with

Defendant, Stevens Van Lines ("Stevens"). The Complaint seeks damages, as well as declaratory, injunctive, and equitable relief for alleged violations of the Truth in Leasing regulations set forth under 49 U.S.C. § 14704 and 49 C.F.R. § 376.12(j). (ECF #1). Stevens filed a counterclaim against Britts (directly and through his lawyers) alleging tortious interference with business relationships, defamation, and violations of the Ohio Deceptive Trade Practice Act. (ECF #29).

On January 27, 2017, this Court granted Partial Summary Judgment to Stevens, dismissing Counts Two and Three of the Complaint. In addition, the Court granted Summary Judgment to Plaintiff on Stevens' counterclaims. The only remaining claim, therefore, is Plaintiff's claim under Count One of the Complaint, which alleges that Steven failed to disclose required information in the written lease, in violation of the TIL regulations .

## II. DISCUSSION

### A. Standard of Review

The plaintiff bears the burden of proof in arguing that a potential class should be certified. *General Tel. Co. v. Falcon*, 457 U.S. at 161; *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976). "The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand*, 437 U.S. at 469 (quoting *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 558 (1963)). While the pleadings may be enough to determine "whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . sometimes it may be necessary for the court to probe behind the pleadings" before deciding the issue of certification.

*Falcon*, 457 U.S. at 160.  Thus, it is appropriate for the Court to look not only to the pleadings but also to additional exhibits and information submitted by the parties in deciding the motion for certification.

A court must perform a "rigorous analysis" of the requirements of Federal Rule of Civil Procedure 23 in deciding whether to certify a class.  *Falcon*, 457 U.S. at 147; *accord Stout v. J.D. Byrider*, 47 F.3d 709, 716 (6th Cir. 2000).   Rule 23 of the Federal Rules of Civil Procedure includes four prerequisites to maintaining a class action.  FED. R. CIV. P. 23(a).  Members of a class

> [M]ay sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).  Thus, the named representatives may only be certified as a class under Rule 23 if the representatives meet the requirements of numerosity, commonality, typicality, and adequacy of representation.  Assuming the requirements of Rule 23(a) are met, the class action may be maintained only if it also meets the requirements of one of the subsections of Rule 23(b). FED. R. CIV. P. 23(b).  Under Rule 23(b),

> An action may be maintained as a class action if . . .(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

FED. R. CIV. P. 23(b)(3).  Defendant argues that the Named Plaintiff, Steven Britts, does not adequately represent the class with regard to injunctive and declaratory relief requested under the Rule 23(b)(2) certification request, and that individualized questions of fact predominate over

-3-

issues that are common to the class with regard to the proposed Rule 23(b)(3) certification request.

## **Analysis**

1. Rule 23(b)(2) Class Certification

Plaintiff seeks to certify the following class under Fed. R. Civ. P. 23(b)(2): "All owner-operators who worked for Stevens Van Lines at any time since June 24, 2011, under an 'Independent Contractor Agreement' or similar agreement regulated by federal law."

In order for a class to be certified, a court must find that the named Plaintiff is a typical and adequate class representative. Fed. R. Civ. P. 23(a)(3) and (4). This requirement is meant to ensure that there are no conflicts of interest between the named plaintiff and the putative class. *See, e.g., Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506, 523 n.37 (N.D. Ohio 2008). Subsumed in this requirement is the threshold question of whether the named Plaintiff has standing to pursue the claim. *See, Goldsby v. Ford Motor Co*, 183 F. Supp. 2d 943, 949 (E.D. Mich. 2001). In this case, Defendants argue that Plaintiff has no standing to pursue injunctive relief under Rule 23(b)(2) because he no longer works for Stevens, and his lease with them has expired. Stevens argues that his claim for injunctive relief is moot as any changes to the leasing agreements going forward would have no effect on him. The Sixth Circuit has held that when a named plaintiff's claim becomes moot before applying for class certification,[1] he "cannot serve as class representative." *Gawry v. Countrywide Home Loans, Inc*., 395 Fed. Appx. 152, 157 (6th Cir. 2010).

Mr. Britt argues that his claim for injunctive relief is not moot because an "injunction which

---

[1] Mr. Britt's lease with Stevens terminated on August 8, 2014, before this suit was filed, and therefore, before he requested class certification.

-4-

requires Stevens to adhere to the Truth-in-Leasing regulations would require Stevens to produce the insurance policies" at issue in a pending claim dispute he has with Stevens and a third-party insurance carrier. Whether or not this may be true, Mr. Britts should already have access to the policies in question either through discovery in this case, or as part of the investigation of the underlying insurance claim at issue. In addition, the requested declaratory and injunction relief is not retroactive and would only apply to current and future lease agreements. *See, e.g, Rodriguez v. Providence Cmty. Corr., Inc.*, No. 3:15-CV-1048, 2016 U.S. Dist. LEXIS 82708, *26 (M.D. Tenn. June 9, 2016); General Electric Co. v. Int'l Union of Electrical, Etc., Workers, 395 F.2d 891, 895-96 (6th Cir. 1968). Further, there is no evidence or argument indicating that the insurance issue currently faced by Mr. Britts is typical to the class.

For these reasons, Mr. Britts is not an adequate or typical class representative relative to the claims for declaratory and injunctive relief under Count One, which would be subject to class certification under Fed. R. Civ. P. 23(b)(2). Mr. Britt's motion for Class Certification under Rule 23(b)(2) (ECF #59) is, therefore, DENIED.

2. <u>Rule 23(b)(3) Class Certification</u>

Plaintiff has proposed that a damages class be certified under Fed. R. Civ. P. 23(b)(3). The proposed class would include: All owner-operators who worked for Stevens Van Lines at any time since June 24, 2011, under a federally-regulated operating agreement, and to whom Stevens made charge-backs for "PLPD" or "Collision" insurance.

For a class action to be maintained under Rule 23(b)(3), the court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only

individual members." FED. R. CIV. P. 23(b)(3). Further, the court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). While "[s]ubdivision (b)(3) parallels subdivision (a)(2) in that both require that common questions exist . . . subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues." *In re Am. Med Sys., Inc.* 754 F.3d at 1084 (quoting 1 *Newberg, supra*, §3.10, at 3-56). Essentially, "[t]he Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.

When a court determines whether common issues predominate, it "'is under a duty to evaluate the relationship between the common and individual issues' . . . and determine the relative weight and importance of the common and individual issues." *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 588 (W.D. Mich. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 1778 at 518 (2d ed. 1986)).

Although the Court can review the general lease form for potential disclosure violations, it cannot determine Stevens liability to the plaintiffs for violations of the TIL without first knowing what other disclosures were made to each plaintiff in connection with the lease agreement. In *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), the United States Supreme Court clarified the standing requirement of a concrete and particularized injury as it relates to statutorily created procedural requirements. The *Spokeo* Court found that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation." *Spokeo*, 136 S. Ct. At 1544. The majority of courts who have reviewed this type of claim, post-*Spokeo* have found that plaintiffs alleging a procedural violation of the stand-alone disclosure requirement, without more, lack standing to pursue their

-6-

claims. *See, e.g.*, *In Re Michael's Stores, Inc.,* Fair Credit Reporting Act Litigation, Case No.: 2:14-cv-07563; MDL No. 2615 (D.N.J. January 24, 2017); *Groshek v. Great Lakes Higher Educ. Corp*., No. 15-cv-143, 2016 U.S. Dist. LEXIS 144867 (W.D. Wis. Oct. 4, 2016); *Noori v. Vivint, Inc*., 2016 U.S. Dist. LEXIS 12093 (C.D. Cal. Sept. 6, 2016); *Woods v. Caremark*, Case No." 4;15-cv-0535 (W.D. Missouri July 28, 2016).

There are times, however, when a procedural violation may give rise to a concrete or actual injury. An injury based on a deprivation of information would require evidence that the plaintiff was deprived of some necessary or required information, not only that it was not received in the procedurally mandated format. In this case Mr. Britts has alleged that he was, in actuality, deprived of required information and this caused him a concrete injury. However, there is also evidence that, in addition to the leasing documents, Stevens provided each driver with additional documentation in the form of settlement notices or other charge-back documentation that would have varied from contract to contract. The Court finds, that because *Spokeo* has clarified that a mere procedural violation is not sufficient to create an injury-in-fact under Article III of the United States Constitution, and because the disclosures provided to each owner-operator, as well as their understanding of and access to required information may have varied significantly from operator to operator, common issues of fact and law do not predominate over the individual inquiries necessary to determine whether each class member, in fact, suffered a cognizable injury.

In addition, the Court cannot determine damages without referencing what set-offs may be applicable against each driver. Stevens has alleged, and provided supporting evidence to support its position that it fronted different amounts of money to different drivers with different pay-back arrangements in each case. This would alter not only the content of the disclosures for each plaintiff

-7-

relating to charge-backs, but also the ultimate determination of whether damages are owed, or whether they may be off-set by unpaid loans or advances made on behalf of the drivers by Stevens. For these reasons, the Court finds that the individual issues predominate over the class wide issues both in the matter of liability and in calculation of damages. Therefore, class certification under Fed. R. Civ. P. 23(b)(3) is not warranted in this case.

### III. CONCLUSION

For the reasons stated above, the Court finds that class certification is not warranted in this instance under either requested section. Lack of typicality of the named Plaintiff's claims for declaratory and injunctive relief, as well as individualized issues relating to standing and damages, lead to the conclusion that the class mechanism is not superior to other methods available to the parties for a fair and efficient adjudication of the controversy in this case. The Plaintiff's Motions for Class Certification under both Rule 23(b)(2) (ECF #59), and Rule 23(b)(3) (ECF #78) are, therefore, DENIED. IT IS SO ORDERED.

    /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED: February 27, 2017